Argued and submitted May 8, 2001, affirmed November 27, 2002, petition for review denied March 4, 2003 (335 Or 255)

Ronald W. PETERSEN
and Simone L. R. Petersen,
*Respondents,*

*v.*

Danni W. FIELDER
and Rhonda L. Fielder,
*Appellants.*

16-98-11043; A106971

58 P3d 841

Nickolas Facaros argued the cause for appellants. With him on the opening brief was Facaros Dugan Rosas. With him on the reply brief was Facaros & Dugan.

George Kelly argued the cause and filed the brief for respondents.

Before Edmonds, Presiding Judge, and Armstrong, Judge, and Van Hoomissen, Senior Judge.

ARMSTRONG, J.

**ARMSTRONG, J.**

Defendants appeal from a supplemental judgment that awarded plaintiffs attorney fees and costs in their action to recover the balance of the purchase price of real property. We conclude that the trial court did not err in making that award and affirm.

The facts are largely undisputed. In 1997, plaintiffs sold their residence and acreage to defendants for $175,000. As consideration for $15,000 of the purchase price, defendants agreed to perform construction work of equivalent value on plaintiffs' new property. Defendants also owed an additional $2,500 beyond the amount that they intended to borrow from a lender to finance the purchase of the property. At escrow, defendants' lender required defendants to execute a promissory note for $17,500, the amount that it would not be financing. Defendants signed a promissory note to plaintiffs for that amount.[1] The promissory note contained a provision for payment of attorney fees "if suit or action is filed hereon."

A dispute arose concerning defendants' payment of the note, and plaintiffs, asserting that defendants had neither paid the amount owing on the note nor performed the required construction work, filed this action seeking payment of the note. Defendants filed an answer asserting various affirmative defenses and counterclaims, among them a counterclaim for breach of contract and *quantum meruit* for work allegedly performed on plaintiffs' property that had not been credited against the amount owing on the promissory note. Plaintiffs amended their complaint to include claims for fraud and for damages under theories of *quantum meruit* or "money had and received" for the balance due on the note in the event that the note itself was unenforceable.

The case was referred to court-annexed arbitration pursuant to ORS 36.400 through 36.425. The arbitrator rejected plaintiffs' claim on the note, concluding that there had been no "presentment or demand." The arbitrator ruled

---

[1] Defendants apparently intended to pay the additional $2,500 in cash, which they did.

in favor of plaintiffs on their *quantum meruit* claim, characterizing it as a claim for restitution based on unjust enrichment. He found that "defendants were unjustly enriched in the amount of $15,000 representing the unpaid balance of the purchase price which the parties originally contemplated would be satisfied by in kind services." He awarded plaintiffs a judgment for $15,000. The arbitrator also determined that defendants had prevailed on their counterclaim for *quantum meruit*, awarding them $2,098 for work that they had performed on plaintiffs' property.

■ Plaintiffs thus received the larger net award but, initially, the arbitrator did not award costs or attorney fees to either party. Defendants filed an exception with the arbitrator, seeking costs and attorney fees, on the theory that they had prevailed on plaintiffs' claim under the note and were entitled to attorney fees pursuant to *former* ORS 20.096 (1999). The arbitrator adhered to his decision that neither party was entitled to attorney fees, explaining that the only possible basis for an award of attorney fees was the promissory note and his ruling on the note had not determined its ultimate enforceability. In his view, he had merely determined that plaintiffs had not established "demand and presentment" of the note, but that they were entitled to recover damages under their alternate theory. The arbitrator further determined that plaintiffs were entitled to recover their costs.

Plaintiffs submitted a statement of costs, and the arbitrator filed an amended award that included the original awards and plaintiffs' costs. Plaintiffs then filed an exception to the award in the trial court, pursuant to ORS 30.425(6), asserting a right to attorney fees. Defendants also filed exceptions in the trial court, contesting the award of costs to plaintiffs and asserting their own right to attorney fees. The trial court ultimately[2] upheld the arbitrator's award of costs to plaintiffs and also awarded plaintiffs their attorney fees. Defendants appeal, assigning error to the trial court's award of costs and attorney fees to plaintiffs. We review the trial

_____

[2] In our first decision in this case, we determined that the trial court's original determination was not a final judgment and remanded for entry of a final judgment. *Petersen v. Fielder*, 170 Or App 305, 13 P3d 114 (2000).

court's award of costs and attorney fees for errors of law, *Schwartzkopf v. Shannon the Cannon's Window*, 166 Or App 466, 468, 998 P2d 244 (2000), and affirm.

■       Initially, we address defendants' assertion that plaintiffs failed timely to assert their exceptions to the arbitrator's award. ORS 36.425 provides, in part:

> "(1)   At the conclusion of the arbitration under ORS 36.400 to 36.425 of a civil action, the arbitrator shall file the decision and award with the clerk of the court that referred the action to arbitration, together with proof of service of a copy of the decision and award upon each party. If the decision and award require the payment of money, including payment of costs or attorney fees, the decision and award must contain all of the information required in a money judgment under ORCP 70 A(2)(a) and be substantially in the form prescribed by ORCP 70 A(2)(b).
>
> "* * * * *
>
> "(6)   Within seven days after the filing of a decision and award under subsection (1) of this section, a party may file with the court and serve on the other parties to the arbitration written exceptions directed solely to the award or denial of attorney fees or costs."

The arbitrator's first decision and award were filed with the court on December 8, 1998. That award did not include costs or attorney fees. By letter to the parties dated December 9, 1998, the arbitrator told the parties that he had decided to award costs to plaintiffs and asked plaintiffs' counsel to submit a cost bill, after which he would file an amended award. On December 10, defendants filed their exception to the arbitration award. On December 11, plaintiffs sent their cost bill to the arbitrator. On December 17, the arbitrator filed an amended arbitration award that included an award of costs to plaintiffs. On December 21, plaintiffs filed their exceptions to the amended arbitration award. On December 23, defendants filed an exception to the amended arbitration award.

In defendants' view, plaintiffs' exceptions relating to the arbitrator's award of attorney fees should have been filed by December 15, which was seven days after the arbitrator filed the initial award. In plaintiffs' view, their exceptions filed on December 21 were timely because the initial award

was not complete, in that it failed to set forth the award of costs as required by ORS 36.425(1) and ORCP 70 A(2)(a).

We agree with plaintiffs. The first award did not comply with the statute because it did not contain all of the information specifically required to be included in a money judgment. ORCP 70 A(2)(a)(viii) (providing that if judgment awards costs and disbursements or attorney fees, judgment must provide that they are awarded, any specific amounts awarded, a clear identification of the specific claims for which any attorney fees are awarded, and the amount of attorney fees awarded for each claim); UTCR 13.210(4) (arbitration award must include provision for costs and for attorney fees where allowed under applicable law). There is nothing that precluded the arbitrator from submitting an amended award before the trial court clerk's entry of the first award, at which time the award has a final adjudicatory effect under ORS 36.425(3). *Cessna v. Chu-R & T, Inc.*, 185 Or App 39, 52, 57 P3d 936 (2002). In short, the amended award constituted the decision and award required by ORS 36.425(1). Plaintiffs' exceptions were timely filed within seven days of the amended award.

Defendants next assert that plaintiffs are not entitled to recover their costs because they failed to comply with the provisions of ORCP 68 C(4)(a) on costs, including proof of service of the cost bill. In the alternative, defendants assert that costs should not be awarded because plaintiffs failed to give any notice of their cost bill. First, we reject defendants' contention that the provisions of ORCP 68 C(4) apply to an award of costs in an arbitration proceeding. Uniform Trial Court Rule (UTCR) 13.040(2) provides:

> "Until a case is assigned to the arbitrator, Oregon Rules of Civil Procedure apply. After a case is assigned to an arbitrator, these arbitration rules apply except where an arbitration rule states that a Rule of Civil Procedure applies."

Under UTCR 13.210(5), the arbitrator had discretion to determine the procedure for setting costs. The rule provides that, "[w]ithin 7 days after the conclusion of the arbitration hearing, the arbitrator shall send the award to the parties without filing with the court and shall establish procedures for determining attorney fees and costs." The arbitrator sent

the parties a letter on December 9, 1998, asking plaintiffs' attorney to submit a cost statement. On December 11, plaintiffs' attorney sent a letter to the arbitrator detailing costs and indicating that a copy had been sent by facsimile transmission to defendants' attorney. Defendants assert that they did not receive notice of plaintiffs' cost statement until they received the amended arbitration award. The trial court found, however, that all parties had adequate notice. That finding is supported by the record, and we will not disturb it.[3]

■     We finally reach the merits of the appeal and address the question of which party, if any, was entitled to attorney fees. The promissory note provided, in part:

> "If this note is placed in the hands of an attorney for collection, I/we promise and agree to pay the reasonable attorney's fees and collection costs of the holder hereof, and if suit or action is filed hereon, also promise to pay (1) holder's reasonable attorney's fees to be fixed by the trial court * * *."

Citing *American Petrofina v. D & L Oil Supply*, 283 Or 183, 583 P2d 521 (1978), plaintiffs took exception to the arbitrator's failure to award attorney fees. They contended that, although they had not prevailed under the promissory note, they had prevailed on the quasi-contract theory of unjust enrichment. The trial court allowed plaintiffs' exception. We conclude, as did the trial court, that this case is governed by *American Petrofina* and that plaintiffs are entitled to attorney fees as the prevailing party.

In *American Petrofina*, Fina, a petroleum products supplier, brought an action against D & L, a petroleum products distributor, to recover, among other items, money allegedly due under contracts in which Fina had agreed to provide paint and labor to repaint D & L's service stations. D & L alleged numerous counterclaims on which it prevailed; it

---

[3] Defendants also challenge the amount of the arbitrator's fee, asserting that it was in excess of the amount authorized by the schedule established by the arbitration commission under UTCR 13.120(1). Assuming, without deciding, that the amount of the arbitrator's fee is a matter within the scope of the court's review under ORS 36.425, we conclude that the trial court acted within its discretion in concluding that the fee was "eminently reasonable."

recovered the greater award. However, as to Fina's breach-of-contract claim, the trial court determined that, although Fina had not substantially performed its work under the contract and was not entitled to recover damages for D & L's breach of it, Fina was entitled to recover damages based on the quasi-contract theory of *quantum meruit* for the reasonable value of the services that it had furnished. It held D & L liable for half of the amount claimed under the contract. The trial court awarded attorney fees to D & L, however, for technically prevailing under the contract.

■ On appeal, the Supreme Court determined that the attorney-fee award could not be sustained. The court said:

> "D & L has argued that, for purposes of an award of attorney fees under the statute, it was the prevailing party, because it was 'the party in whose favor final judgment * * * is rendered.' ORS 20.096(3). Because of the sequence of events which we have described, however, we do not attach the usual importance to the fact that the final money judgment on the painting claim was rendered in favor of D & L. We view the case, in accordance with the parties' tacit agreement as to procedure, as one in which Fina was partially successful in its claim for reimbursement for painting services.

> "As we have pointed out above, however, the trial court's determination on this issue is not based on the contract, but on Fina's claim for recovery in quantum meruit. Strictly speaking, the trial court must have held for D & L on the contract count and for Fina on the quantum meruit count. Under a strict analysis, then, D & L 'prevailed' on the contract count and could argue (although it has not done so) that it is entitled to attorney fees on that basis. We believe, however, that such an approach would make the application of ORS 20.096 unworkable.

> "In *Dean v. Exotic Veneers, Inc.*, 271 Or 188, 194-95, 531 P2d 266 (1975), we held that for res judicata purposes a contract claim and a quasi-contract claim based on the same transaction constitute a single cause of action. As a consequence, it will be necessary for many plaintiffs to plead such a cause of action in two alternative counts as was done in this case. Although it is possible to determine the theory upon which the trial court allowed recovery in this case,

that will not always be possible without special findings or special interrogatories to the jury.

"The better alternative is to consider the plaintiff who recovers in such a case to be the prevailing party under the statute and to consider the defendant to be the prevailing party *only when the plaintiff takes nothing on account of the transaction*. This interpretation of the statute is consistent with the language of subsection (3), which provides that the prevailing party is the one 'in whose favor final judgment or decree is rendered.' We believe it will also come closer to giving effect to the probable intent of the parties who have provided in a contract for recovery of attorney fees in the event of litigation.

"Therefore, as we construe the statute, D & L is not the 'prevailing party' in this case, because Fina was held entitled to recover upon the cause of action pleaded alternatively in contract and in quasi-contract. The award of attorney fees to D & L was not proper."

*American Petrofina*, 283 Or at 199-200 (emphasis in original; footnote omitted).

The court in *American Petrofina* considered the possibility that, although the plaintiff had prevailed on the quasi-contract claim, the defendant should be considered to have prevailed on the contract claim for having defeated it. The court rejected that "strict analysis." 283 Or at 199. The court reasoned that, because contract and quasi-contract claims based on the same transaction are considered to be a single cause of action and must be pleaded together, it is not always possible to determine under which theory the plaintiff has recovered. Accordingly, the court reasoned that "[t]he better alternative is to consider the plaintiff who recovers in such a case to be the prevailing party under the statute and to consider the defendant to be the prevailing party only when the plaintiff takes nothing *on account of the transaction*." *American Petrofina*, 283 Or at 199 (emphasis added). Thus, under the Supreme Court's interpretation of ORS 20.096, the pertinent inquiry is whether the plaintiff has recovered damages "on account of the transaction," not merely whether the plaintiff has recovered under the contract. The court held that Fina was the prevailing party because, although it had not prevailed under the contract, it

had prevailed on its quasi-contract claim "on account of the transaction." *Id*. at 199, 200 n 6.

■ Similarly, here, plaintiff is the prevailing party for purposes of an award of attorney fees under *former* ORS 20.096 (1999). It brought contract and quasi-contract claims for damages arising out of the same transaction and prevailed on the quasi-contract claim. Defendants are correct that the quasi-contract theory of recovery could more properly have been pleaded as a separate count on a claim for recovery on the promissory note, *see Navas v. City of Springfield*, 122 Or App 196, 857 P2d 867 (1993), but the error does not alter the fact that the quasi-contract claim was, nonetheless, an alternate theory of recovery on the same transaction out of which the promissory note arose. *See Welch v. Bancorp Management Advisors*, 296 Or 208, 675 P2d 172 (1983). Viewed in that way, plaintiffs are the prevailing party under the Supreme Court's analysis in *American Petrofina* and the trial court did not err.

Defendants ask that we reconsider the analysis of *American Petrofina* under the methodology of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993), and in light of *Wilkes v. Zurlinden*, 328 Or 626, 984 P2d 261 (1999), and *Newell v. Weston*, 156 Or App 371, 965 P2d 1039 (1998), *rev den*, 329 Or 318 (1999). According to defendants, those cases suggest that the contract and quasi-contract claims should be considered separately for purposes of attorney fees. We have considered and reject defendants' contention that the precedential value of *American Petrofina* has been undermined by later cases. We further note that we are not in a position to reconsider the Supreme Court's analysis in *American Petrofina*, even if we were inclined to do so.

Affirmed.