Argued and submitted May 7, affirmed August 6, 2003

Ruby FOUST,
*Appellant,*

*v.*

AMERICAN STANDARD INSURANCE COMPANY
OF WISCONSIN,
a Wisconsin corporation,
*Respondent.*

0107-06888; A118312

74 P3d 1111

Willard E. Merkel argued the cause for appellant. On the opening brief was Popick & Merkel; on the reply brief was Merkel & Associates.

Lisa E. Lear argued the cause for respondent. With her on the brief were Ronald J. Clark, Stan Kapustak, and Bullivant Houser Bailey PC.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

## BREWER, J.

Plaintiff prevailed in a court-annexed arbitration of her claim against defendant insurer for underinsured motorist (UIM) benefits, but the arbitrator declined to award her attorney fees on the ground that the evidence received at the arbitration hearing did not demonstrate her entitlement to such an award. In response, plaintiff submitted an attorney fee petition and supporting documents relating to her entitlement to and the amount of attorney fees, and she asked the arbitrator to reconsider the denial of attorney fees. The arbitrator denied that request. Plaintiff then filed exceptions to the arbitrator's denial of attorney fees in the trial court. The court concluded that the arbitrator's decision was not subject to review, and it entered a judgment for plaintiff on the arbitrator's award without awarding attorney fees. On appeal from that judgment, plaintiff argues that the trial court failed to support its order denying review of the arbitrator's attorney fee decision with sufficient factual findings and legal conclusions to allow meaningful appellate review. On the merits, plaintiff assigns error to the trial court's denial of her exceptions to the arbitrator's refusal to award her attorney fees. We affirm.

Plaintiff was injured in an automobile accident on December 11, 1999. Her policy with defendant included UIM coverage with a $50,000 per person limit. The driver of the other vehicle was insured with a liability limit of $25,000 per person. On April 3, 2001, plaintiff wrote to defendant seeking approval to settle her claim against the other driver for the $25,000 liability limit. In that letter, she also demanded payment of UIM benefits under her policy with defendant. Defendant approved the liability settlement, but it rejected plaintiff's UIM claim.

Plaintiff filed this action in July 2001. On August 30, 2001, defendant consented to submit the case to binding arbitration. However, thereafter the trial court transferred the case to its court-annexed mandatory arbitration program. *See* ORS 36.400 - 36.425.[1] After a hearing, the arbitrator

---

[1] It is not clear from the record whether plaintiff acceded to the submission of the case to binding arbitration, but we need not determine that issue here. Neither party challenges the referral of the case to court-annexed arbitration.

announced in a letter opinion that plaintiff was entitled to recover UIM benefits. With respect to attorney fees, however, the arbitrator stated:

> "I find that the only evidence of a proof of loss being filed as defined in ORS 742.504(5)(a)[2] was in the form of the complaint filed with the Circuit Court in July, 2001; that defendant complied with the requirements of ORS 742.061(3)[3] on August 30, 2001 and therefore, no attorney fees will be allowed to the Plaintiff under the law applicable here."

In response to the arbitrator's letter opinion, plaintiff submitted an attorney fee petition with supporting documentation. Among plaintiff's submissions was an affidavit from her attorney that stated, in part:

> "On the day of the accident, December 11, 1999, Plaintiff gave oral notification of the accident to her American Family agent, who by law is an agent of Defendant. Shortly thereafter, she completed and returned a PIP application supplied by Defendant and Defendant began paying medical bills under the PIP coverage as early as January 13, 2000."

That information was offered to show that plaintiff had submitted a qualifying proof of loss to defendant under ORS 742.061 in regard to her UIM claim more than six months before defendant consented to submit the case to binding

---

[2] ORS 742.504(5)(a) provides:

"As soon as practicable, the insured or other person making claim shall give to the insurer written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment and other details entering into the determination of the amount payable hereunder. * * * Proof of claim shall be made upon forms furnished by the insurer unless the insurer shall have failed to furnish such forms within 15 days after receiving notice of claim."

[3] ORS 742.061(1) provides for recovery of attorney fees by successful plaintiffs in actions on insurance policies. However, ORS 742.061(3) provides:

"Subsection (1) of this section does not apply to actions to recover uninsured or underinsured motorist benefits if, in writing, not later than six months from the date proof of loss is filed with the insurer:

"(a) The insurer has accepted coverage and the only issues are the liability of the uninsured or underinsured motorist and the damages due the insured; and

"(b) The insurer has consented to submit the case to binding arbitration."

arbitration. Plaintiff argued in her attorney fee statement that her oral notice and PIP application were sufficient to satisfy the proof of loss requirement, even though she did not submit a written proof of claim for UIM benefits under ORS 742.504(5)(a) at that time.[4]

After a telephonic hearing, the arbitrator stated:

"[The information in plaintiff's attorney's affidavit] was not received in evidence before the parties rested and made their closing arguments. I believe it would be improper to now permit additional evidence to be presented in support of the Plaintiff's position.

"At the commencement of the hearing I indicated to both counsel that I had not reviewed any of the exhibits submitted and did not know what they consisted of. I also told both attorneys that I would like to hear any argument that either had concerning the issue of attorneys fees and in that argument call to my attention any evidence that either had in support of their respective positions. Both counsel agreed that they would 'rely on the record'."

Plaintiff asked the arbitrator to reconsider his ruling, noting that Uniform Trial Court Rule (UTCR) 13.210(5) provides that, "[w]ithin 7 days after the conclusion of the arbitration hearing, the arbitrator shall send the award to the parties without filing with the court and shall establish procedures for determining attorney fees and costs." Plaintiff argued that "[a]ttorney's fees are always a post-hearing or trial matter." The arbitrator responded:

"I disagree with your contention that the entire issue of attorney's fees is to be determined after the award is made. It is my understanding that if the arbitrator concludes that

---

[4] Plaintiff did not submit any evidence to the arbitrator that she had notified defendant of her intention to make a UIM claim—either orally or in writing—at any time before her attorney sent defendant the letter so announcing on April 3, 2000. Her earlier oral notice of the accident and the filing of her PIP claim did not satisfy the requirement of ORS 742.504(5)(a) with respect to a written "proof of claim" for UIM benefits. For that reason, it is questionable whether those actions were sufficient to constitute a "proof of loss" concerning UIM benefits for purposes of ORS 742.061(1). *See Mosley v. Allstate Ins. Co.*, 165 Or App 304, 311, 996 P2d 513 (2000) ("Although ORS 742.504(5)(a) employs the term 'proof of *claim*,' as opposed to 'proof of *loss*,' those terms appear to us to be synonymous." (Emphasis in *Mosley*.)). However, because we resolve this case on other grounds, we need not decide that issue here.

attorneys fees should be awarded (based upon the evidence received) that a procedure would then be established for determining the amount of attorneys fees to be awarded."

Plaintiff filed exceptions in the trial court to the arbitrator's denial of attorney fees. *See* ORS 36.425(6).[5] She argued that she was entitled to attorney fees under ORS 742.061 and ORCP 46 C. The trial court issued the following order with respect to plaintiff's exceptions:

"Plaintiff having taken exception to the denial of attorney fees by the arbitrator, and the court having considered the matter, the court finds that, under the circumstances of this case the denial of attorney fees by the arbitrator is not subject to review under ORS 36.425(6)."

The court then entered a judgment in plaintiff's favor on the arbitrator's award, but it did not award her attorney fees incurred in the arbitration proceeding. This appeal followed.

■ In her first assignment of error, plaintiff argues that the trial court failed to describe the relevant facts and legal criteria that it relied on in denying plaintiff's attorney fee request with sufficient clarity to allow meaningful appellate review of that decision. She contends that the denial of attorney fees is, in fact, reviewable under ORS 36.425(6) and that we must remand the case and instruct the trial court to state the rationale for its conclusion. Defendant responds that the order was sufficient because it explained that the statutory provision on which plaintiff based her exceptions—ORS 36.425(6)—does not permit the kind of review that plaintiff sought.

■ We agree with defendant that the court's order was sufficient to permit appellate review. The order stated that the court had determined that ORS 36.425(6) does not provide for review under the circumstances of this case. Although plaintiff argues that it is unclear what circumstances the trial court was referring to, ORS 36.425(6) provides only two reasons that a court may decline review. That statute provides, in part:

---

[5] The pertinent portion of the statute is set out below.

"Within seven days after the filing of [an arbitrator's] decision and award under subsection (1) of this section, a party may file with the court and serve on the other parties to the arbitration written exceptions directed solely to the award or denial of attorney fees or costs. Exceptions under this subsection may be directed to the legal grounds for an award or denial of attorney fees or costs, or to the amount of the award. * * * A judge of the court shall decide the issue and enter a decision on the award of attorney fees and costs."

In substance, the statute provides that the trial court "*shall* decide the issue" (emphasis added) unless the exceptions are not timely filed or are not directed to the legal grounds for the award or denial of attorney fees or costs or to the amount of the award. Judicial review is mandatory unless one or both of those requirements is not met. *Cf. Monroe v. Harmon*, 158 Or App 196, 201-03, 973 P2d 392, *rev den*, 329 Or 126 (1999) (holding that the provision in ORS 36.425(2)(a) that, after written notice of appeal and request for trial *de novo* of the action is filed, "trial *de novo* shall be held" is mandatory, even though the appealing party failed to participate in arbitration). The record before us is sufficient to allow us to determine whether plaintiff met the requirements of ORS 36.425(6) and, thus, whether the trial court erred in declining to consider her exceptions. We turn to that issue.

Defendant has not asserted that plaintiff failed to file her exceptions on time. It does, however, argue that those exceptions were not "directed to the legal grounds" for the arbitrator's denial of attorney fees. According to defendant, the arbitrator ruled that plaintiff had failed to present sufficient evidence to establish her entitlement to attorney fees. Defendant argues that ORS 36.425(6) "does not authorize an exception based on a ruling concerning the evidence presented at arbitration."

We disagree with defendant's characterization of the arbitrator's decision. In his initial letter to the parties announcing the award, the arbitrator stated:

"I find that the only evidence of a proof of loss being filed *as defined in ORS 742.504(5)(a)* was in the form of the complaint filed with the Circuit Court in July, 2001; that defendant complied with the requirements of ORS 742.061(3) on

August 30, 2001 and therefore, no attorney fees will be allowed to the Plaintiff under the law applicable here."

(Emphasis added.) The arbitrator's decision was based on the *legal significance* of the evidence under ORS 742.504(5)(a) and ORS 742.061(3)—in other words, whether the evidence at the arbitration hearing showed that plaintiff submitted a proof of loss to defendant at least six months before defendant consented to binding arbitration. Thus, the arbitrator's conclusion hinged on his interpretation and application of those statutes. Because plaintiff's exceptions were "directed to the legal grounds" for the arbitrator's denial of attorney fees, the trial court erred in concluding that the arbitrator's decision was not reviewable under ORS 36.425(6).

Defendant argues that we should affirm the trial court's decision because, even if the arbitrator's ruling was reviewable, the arbitrator did not err in failing to award plaintiff attorney fees. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (setting forth principles and requirements for application of "right for the wrong reason" rule); *Frady v. Morrow*, 169 Or App 250, 254, 9 P3d 141 (2000) (a trial court will not be "gratuitously reversed," and if the trial court's result is, ultimately, correct, it will be affirmed on alternative grounds to avoid an unnecessary remand). Defendant asserts that (1) the arbitrator had discretion to require the parties to present evidence and argument concerning plaintiff's entitlement to attorney fees at the arbitration hearing; (2) plaintiff failed to present such evidence; (3) the arbitrator did not abuse his 'cretion in refusing to consider plaintiff's post-hearing evidence concerning her entitlement to attorney fees; and that evidence was, in any event, insufficient to support an ard of attorney fees.

Plaintiff maintains that the arbitrator employed an proper procedure but that, at any rate, that error became elevant when plaintiff filed her exceptions in the trial urt. Plaintiff relies on UTCR 13.040(3), which provides that t]he arbitrator's determination [of pretrial motions] * * * ill apply only during the arbitration proceeding." Plaintiff rgues that her petition for attorney fees was a pretrial iotion—indeed, she argues that *all* motions submitted to an

arbitrator are "pretrial"—and that as soon as a case moves from arbitration back to the trial court, all proceedings in the court require an independent decision on the merits.

■ Plaintiff is mistaken, however, because she reads the above-quoted provision of UTCR 13.040(3) out of context. In its entirety, subsection (3) provides:

> "Once a case is assigned to arbitration, all motions against the pleadings, all motions for discovery, and all similar pretrial motions not then resolved will be submitted to the arbitrator only and determined by the arbitrator. The arbitrator's determination, however, will apply only during the arbitration proceeding. *If a request for trial de novo is filed, such matters may be raised again. If the arbitrator's decision on a pretrial motion will prejudice a party on trial de novo, that party may file an appropriate motion with the court.*"

(Emphasis added.) Thus, as indicated by the last two sentences of the rule, the arbitrator's determination is superseded only if a party requests a trial *de novo*. Plaintiff does not contend that she filed a request for trial *de novo* under UTCR 13.250(1)[6] and ORS 36.425(2)(a).[7] Rather, she filed exceptions to the arbitrator's decision under ORS 36.425(6). Subsection (6) does not provide for trial *de novo*. Under that subsection, the arbitrator's decision cannot be supplanted by an independent determination by the trial court on a new record. *Cf.* UTCR 13.260 ("The trial court administrator must seal any award if a trial *de novo* is requested. Neither judge nor jury will be informed of the arbitration result."). Rather,

---

[6] UTCR 13.250(1) provides that "[a] party who qualifies under ORS 36.425(2) may obtain a trial *de novo* on the case determined by completing the service, filing, payment of trial or jury fee and deposit as required under ORS 36.425(2)."

[7] ORS 36.425(2)(a) provides:

"Within 20 days after the filing of a decision and award with the clerk of the court under subsection (1) of this section, a party against whom relief is granted by the decision and award or a party whose claim for relief was greater than the relief granted to the party by the decision and award, but no other party, may file with the clerk a written notice of appeal and request for a trial *de novo* of the action in the court on all issues of law and fact. A copy of the notice of appeal and request for a trial *de novo* must be served on all other parties to the proceeding. After the filing of the written notice a trial *de novo* of the action shall be held. If the action is triable by right to a jury and a jury is demanded by a party having the right of trial by jury, the trial *de novo* shall include a jury."

as pertinent here, review is limited to determining whether the arbitrator correctly applied the law in awarding or denying attorney fees. Because that is a purely legal issue, we may affirm the trial court's denial of plaintiff's exceptions if it is legally correct. *Outdoor Media Dimensions Inc.*, 331 Or at 659-60.

With the foregoing in mind, we return to the parties' arguments concerning whether the arbitrator abused his discretion in selecting and implementing the procedure for determining attorney fees. In *Petersen v. Fielder*, 185 Or App 164, 169, 58 P3d 841, *rev den*, 335 Or 255 (2002), we held that arbitrators have considerable discretion in determining the procedure for setting costs and attorney fees. *See* UTCR 13.210(5) (providing that the arbitrator "shall establish procedures for determining attorney fees and costs"); UTCR 13.100(1) (providing that, after a case has been assigned to an arbitrator, he or she has authority to "[d]ecide procedural issues arising before or during the arbitration hearing"); *see also* ORS 36.400(2) (providing for establishment of rules specifically to govern the operation of procedure of arbitration programs).

The precise issue before us is whether the arbitrator abused his discretion in requiring plaintiff to adduce evidence at the arbitration hearing concerning her *entitlement* to attorney fees. In denying plaintiff's request for reconsideration, the arbitrator stated that, at the beginning of the arbitration hearing, he had instructed the parties to adduce evidence and present argument at the hearing concerning plaintiff's *entitlement* to attorney fees, although not the *amount* of any award.[8] As noted, the arbitrator stated:

---

[8] Plaintiff appears to question whether the arbitrator actually informed the parties at the outset of the hearing that they must submit evidence of plaintiff's entitlement to attorney fees at the hearing. She argues that, because the arbitration hearing was not recorded, there is no record showing that any such discussion took place. For two reasons, we reject that argument.

First, it is inconsistent with plaintiff's own submissions to the trial court. In an affidavit in support of plaintiff's exceptions, one of her attorneys stated:

"At the arbitration hearing, for the first time, the arbitrator asked the parties to provide evidence in support of the recovery of attorney's fees. Plaintiff was unable to assemble the materials at the hearing, but did so promptly after the arbitrator announced his damage award in favor of Plaintiff * * *."

Second, our review is limited to material that is contained in the trial court record. *Arden-Mayfield v. Patterson*, 46 Or App 849, 857, 613 P2d 1062, *rev den*, 290

"I disagree with your contention that the entire issue of attorney fees is to be determined after the award is made. It is my understanding that if the arbitrator concludes that attorney fees should be awarded (based upon the evidence received) that a procedure would then be established for determining the amount of attorney fees to be awarded."

The arbitrator did not follow the post-judgment procedure specified in ORCP 68 C(4), but, plaintiff's contrary argument notwithstanding, he was not required to do so. *See Petersen*, 185 Or App at 169 (rejecting the contention that the provisions of ORCP 68 C(4) apply to an arbitrator's award of costs, because UTCR 13.040(2) provides that the Oregon Rules of Civil Procedure generally do not apply in arbitration proceedings).

■ The question remains whether the arbitrator abused his discretion in light of UTCR 13.210(5), which provides that, "[w]ithin 7 days *after* the conclusion of the arbitration hearing, the arbitrator shall send the award to the parties without filing with the court and shall establish procedures for determining attorney fees and costs." (Emphasis added.) We conclude that that rule did not deprive the arbitrator of discretion to require the parties to present evidence concerning plaintiff's entitlement to attorney fees in the main arbitration hearing.

■ UTCR 13.100 gives an arbitrator, among other powers, authority to (1) decide procedural issues before or during an arbitration proceeding; (2) determine the time, place, and procedure to present a motion to the arbitrator; and (3) award attorney fees. UTCR 13.100(1), (8), (10); *see also* UTCR 13.210(2) ("The arbitrator shall determine all issues raised by the pleadings, including a determination of any

Or 149 (1980) (overruled on other grounds as recognized by *Strader v. Grange Mutual Ins. Co.*, 179 Or App 329, 39 P3d 903 (2002)). The burden of creating and providing a record rests with the party seeking to alter the decision. *Cf. H.N.M. Enterprises, Inc. v. Hamilton*, 49 Or App 613, 617, 621 P2d 57 (1980), *rev den*, 290 Or 449 (1981) ("An appellant has the responsibility of providing a sufficient record for review of the claims of error. If the record is insufficient for review, the unreviewable claims of error will be disregarded."). Responsibility for the failure to create a record of the arbitration hearing and make it part of the trial court record rests on plaintiff's shoulders.

damages, costs and attorney fees where allowed under applicable law."). Arbitrators also have authority to exercise control over the arbitration hearing, including the mode and order of presenting evidence regarding relevant issues. UTCR 13.180(1). Further, UTCR 13.010(2) provides:

> "This UTCR chapter on arbitration is not designed to address every question that may arise during the arbitration hearing. These rules give considerable discretion to the arbitrator. The arbitrator should not hesitate to exercise that discretion."

Under those provisions, an arbitrator has discretion to direct the parties to adduce evidence at the arbitration hearing regarding the issues framed by the pleadings, including the parties' entitlement to attorney fees.

■     Furthermore, UTCR 13.210 permits a two-step procedure for considering attorney fee issues. Again, following the arbitration hearing, the arbitrator must issue an award that determines "all issues raised by the pleadings, including a determination of * * * attorney fees * * *." UTCR 13.210(2). The arbitrator must send his or her original award to the parties without filing it with the court and that award must make "[p]rovision for costs and for attorney fees where allowed under applicable law." UTCR 13.210(4)(e) and (5). The arbitrator then establishes procedures for "determining" attorney fees. UTCR 13.210(5). After attorney fees are determined and other proceedings are concluded, the final award is filed with the circuit court. UTCR 13.220. There is nothing in UTCR 13.210, read as a whole, that prohibits an arbitrator from bifurcating the procedure for awarding attorney fees, that is, requiring proof of entitlement to be adduced at the hearing and leaving the determination of the amount of fees to post-hearing resolution. In fact, such a procedure is consistent with UTCR 13.210(2), which contemplates that the arbitrator shall determine all issues raised by the pleadings, including attorney fees, and with UTCR 13.210(4)(e), providing that the award sent to the parties within seven days *after* the hearing (*see* UTCR 13.210(5)) must make "provision" for attorney fees "where allowed under applicable law."

■     Plaintiff remonstrates that the procedure employed by the arbitrator surprised her and left her unprepared to

proceed at the hearing on the issue of attorney fees. However, plaintiff did not request a continuance to enable her to adduce additional evidence and argument. Nor does she suggest that it would have been fruitless to make such a request. Because plaintiff has not shown that she requested and was denied a reasonable opportunity to present evidence and argument concerning her entitlement to attorney fees at the hearing, we conclude that the arbitrator's procedure did not unfairly prejudice her. *See Cummins v. Washington County*, 110 Or App 468, 470, 823 P2d 438 (1992) ("[T]here was no prejudice to [the petitioner's] substantial rights and no basis for reversal stemming from the asserted procedural error. * * * There were procedures available to petitioner that could have fully cured any error of the kind that he postulates.").

For the foregoing reasons, we conclude that the arbitrator did not abuse his discretion in selecting and implementing the described procedure for determining plaintiff's entitlement to attorney fees.[9] Because plaintiff did not comply with that procedure, the trial court did not err in denying her exceptions to the arbitrator's refusal to award her attorney fees.

Affirmed.

---

[9] We reject without discussion plaintiff's assertion that the trial court erred in denying her exceptions to the arbitrator's refusal to award her attorney fees under ORCP 46 in connection with defendant's denial of certain requests for admissions.