**MARANDAS FAMILY TRUST,**
by John J. Marandas, Trustee,
*Plaintiff-Appellant,*

*v.*

**John F. PAULEY,**
personally and dba Arrow Mobile Home Service,
aka Arrow Home Service, aka Arrow Home Service, LLC;
and Arrow Home Service, LLC, dba Arrow Home Service,
aka Arrow Mobile Home Service,
*Defendants-Respondents.*

Multnomah County Circuit Court
120405338; A153850

398 P3d 914

Eli D. Stutsman argued the cause for appellant. With him on the briefs was Eli D. Stutsman, A Professional Corporation.

Thomas M. Christ argued the cause for respondents. With him on the brief were Cosgrave Vergeer Kester LLP; Michael D. Kennedy, Kennedy Bowles, P. C.; Gregory P. Fry and Preg O'Donnell & Gillett, PLLC.

Before Armstrong, Presiding Judge, and Egan, Judge, and Schuman, Senior Judge.

## ARMSTRONG, P. J.

Plaintiff, the Marandas Family Trust, appeals a judgment that affirmed an arbitration award that denied it an award of attorney fees under ORS 20.080(1).[1] After plaintiff hired defendants to repair the roof of a cabin, plaintiff discovered that, due to defendants' faulty workmanship, the roof had leaked rainwater that had caused damage to the interior of the cabin. In court-annexed arbitration, plaintiff was awarded nearly all the damages that it sought for the harm caused by defendants' faulty work, as well as costs and disbursements. However, the arbitrator denied plaintiff an award of attorney fees on the ground that plaintiff had failed to comply with the requirements for an award of attorney fees under ORS 20.080(1) by failing to serve a written prelitigation demand on one of defendants' insurers, Brookwood Insurance Company (Brookwood). Plaintiff filed exceptions to the arbitrator's decision to deny it an award of attorney fees, which the circuit court denied. We conclude that the arbitrator misconstrued and, consequently, misapplied ORS 20.080(1) in denying plaintiff an award of attorney fees, and that the circuit court erred in upholding the arbitrator's decision. We therefore reverse and remand.

The following facts are undisputed. Plaintiff owns a cabin near Mt. Hood. In February 2006, plaintiff hired defendants to repair the cabin's roof. Defendants completed the work in April 2006. The roof subsequently began to leak rainwater, causing damage to the interior of the cabin. Plaintiff discovered the damage in August 2011 when the cabin had become uninhabitable due to mold.

On March 23, 2012, plaintiff sent a written demand under ORS 20.080 to defendants, to defendants' then-current liability insurer, to defendants' liability insurer at the time

---

[1] ORS 20.080(1) provides, in part:

"In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $10,000 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant, and on the defendant's insurer, if known to the plaintiff, not less than 30 days before the commencement of the action[.]"

of the original repair work, and to defendants' insurance broker for payment of the damage to the cabin. Plaintiff did not send a written demand to Brookwood, which insured defendants from June 2008 to June 2010—that is, for the period that began two years after defendants performed the work on plaintiff's cabin and that ended more than a year before plaintiff discovered the damage to the cabin.

Plaintiff brought an action for damages against defendants on April 27, 2012. The case proceeded to court-annexed arbitration, where plaintiff prevailed. However, the arbitrator denied plaintiff's request for attorney fees, concluding that plaintiff had failed to meet the requirements of ORS 20.080(1), which required plaintiff to send a "written demand for the payment of [its] claim * * * on the defendant, and on the defendant's insurer, if known to the plaintiff, not less than 30 days before the commencement of the action."

Among the evidence presented to the arbitrator in support of plaintiff's attorney-fee request were two affidavits from Sill, a paralegal with the law firm that represented plaintiff. Sill stated that, for "purposes of serving [an ORS] 20.080 demand notice," she had searched the website of the Oregon Construction Contractors Board to determine which insurance companies provided liability coverage to defendants. She learned that Century Insurance Group aka Century Surety Company (Century) provided coverage that applied at the time of her search (March 2012), and that Maxum Specialty Insurance Group aka Maxum Indemnity Company (Maxum) had provided coverage at the time that defendants had performed and completed the repair work (February to April 2006). Plaintiff sent a written demand under ORS 20.080 to both Century and Maxum.

Sill also learned that defendants had used A.L. Insurance Group as their insurance broker over the relevant time period. Sill spoke with Fritz, an employee of A.L. Insurance Group, and explained that plaintiff wanted to file a complaint against defendants and was trying to determine which insurance companies would need to be served under ORS 20.080 with a written demand for payment. Fritz told Sill that she was "the 'official representative' to accept a claim" and that she "would then pass on the claim,

complaint, or information to [defendants'] insurers." Based on that conversation, plaintiff also sent a written demand for payment to A.L. Insurance Group.

Although plaintiff knew that Brookwood provided liability coverage to defendants from June 2008 to June 2010, plaintiff did not serve a written demand on Brookwood. Plaintiff's attorney explained that he believed that plaintiff's claim was covered by the Maxum policy that was in effect on the date of the negligent work and that there was possible coverage under the Century policy that was in effect at the time that the damage was discovered and the demand was sent. However, plaintiff's attorney stated that he did not believe that the Brookwood policy would cover plaintiff's claim.

Plaintiff argued to the arbitrator that, because his attorney believed that Brookwood's policy did not cover the claimed damage, Brookwood was not an insurer *known to plaintiff* for purposes of ORS 20.080. In the alternative, plaintiff argued that it had satisfied the demand requirement by sending a written demand to A.L. Insurance Group, which had represented to plaintiff that it was an agent for all of defendants' insurers for purposes of serving a written demand on them under ORS 20.080.

The arbitrator concluded that plaintiff was required to send a written demand for payment to Brookwood because plaintiff had "information in its possession which identified Brookwood Insurance Company and policy effective dates from 6/11/2008 [to] 6/11/2010." The arbitrator reasoned that the phrase, "the defendant's insurer, if known to the plaintiff," in ORS 20.080(1) could reasonably be understood to apply to "any insurer potentially affording coverage for the claim," which in this case included Brookwood. The arbitrator rejected plaintiff's alternative argument that it had satisfied ORS 20.080(1) by serving a written demand on A.L. Insurance Group as an agent for Brookwood. The arbitrator explained, "Nothing in Ms. Sill's first declaration establishes [that] she sought A.L. Insurance Company to act as an authorized agent for an insurer [that] Plaintiff did not consider to be [defendants'] insurer, or that Brookwood was even represented by A.L. Insurance Group at the time."

Thus, the arbitrator concluded, "plaintiff did not make reasonable efforts to serve Brookwood Insurance Company with the [ORS] 20.080 notice through A.L. Insurance Group." Accordingly, the arbitrator denied an award of attorney fees to plaintiff.

Plaintiff filed exceptions in the circuit court to the arbitrator's decision to deny it an award of attorney fees. *See* ORS 36.425(6).[2] Plaintiff argued that the arbitrator's decision was legally incorrect because plaintiff had no obligation under ORS 20.080(1) to serve a written demand on Brookwood, an insurer that was not known to plaintiff to cover the claim. Plaintiff also renewed its alternative argument that it had sent a demand to Brookwood's agent—A.L. Insurance Group—and thus had complied with the statute.

After a hearing on the exceptions, the circuit court affirmed the arbitrator's decision:

> "This court affirms the arbitrator's decision that Brookwood was 'known' to the plaintiff and needed to be notified of the [ORS] 20.080 claim. Construction defect litigation routinely presents coverage challenges. Multiple policies are the rule, rather than the exception. Given the uncertainty about coverage, and the substantial burden the statute places on insurance companies which fail to address [ORS] 20.080 claims promptly, plaintiffs are required to provide notice to all the potential insurers they are aware of, and not just those [that] the plaintiff thinks are most likely to be responsible for coverage."

(Footnote omitted.) The circuit court also agreed with the arbitrator's determination that the record did not support plaintiff's contention that, for purposes of serving a demand under ORS 20.080(1), A.L. Insurance Group was Brookwood's agent. The court concluded that plaintiff was required, and had failed, to send a demand to Brookwood and, thus, was not entitled to recover attorney fees under ORS 20.080(1).

---

[2] ORS 36.425(6) provides in part, that,

"[w]ithin seven days after the filing of a decision and award * * *, a party may file with the court and serve on the other parties to the arbitration written exceptions directed solely to the award or denial of attorney fees or costs. Exceptions under this subsection may be directed to the legal grounds for an award or denial of attorney fees or costs, or to the amount of the award."

Plaintiff appeals, arguing that the circuit court erred in affirming the arbitrator's denial of attorney fees. Plaintiff challenges both the arbitrator's and circuit court's determination that ORS 20.080(1) required plaintiff to send a written demand to "all the potential insurers [that plaintiff was] aware of," including Brookwood.[3] Defendants remonstrate that Brookwood was, as a matter of fact, the insurer responsible for plaintiff's claim against them. Hence, because plaintiff was aware that Brookwood had provided coverage for defendants for a two-year period between the date of the faulty repair work and the date that the damage was discovered, plaintiff was required to send a written demand to Brookwood notwithstanding its mistaken belief that Brookwood had no obligation to cover the claim.

Because this case concerns plaintiff's entitlement to an award of attorney fees under a mandatory attorney-fee statute, we review for legal error the trial court's decision to affirm the arbitrator's denial of attorney fees to plaintiff. *See, e.g., Johnson v. O'Malley Brothers Corp.*, 285 Or App 804, 811-13, 397 P3d 554 (2017). Plaintiff's challenge, in turn, requires us to determine whether, based on the facts found by the arbitrator, the arbitrator and the circuit court correctly construed and applied ORS 20.080 in denying plaintiff's fee request.

The statute that is now codified at ORS 20.080 was originally enacted in 1947 to "encourage settlement of small claims, to prevent insurance companies and tortfeasors from refusing to pay just claims, and to discourage plaintiffs from inflating their claims." *Rodriguez v. The Holland, Inc.*, 328 Or 440, 446, 980 P2d 672 (1999); *see also Halperin v. Pitts*, 352 Or 482, 487, 287 P3d 1069 (2012) (discussing history and purpose of statute). As originally enacted, the statute provided for an award of attorney fees in small claims actions sounding in tort only if the prevailing plaintiff had

---

[3] Plaintiff argues, in the alternative, that it satisfied the requirements of ORS 20.080(1) by serving a written demand on A.L. Insurance Group as the actual or apparent agent for Brookwood, and by making efforts "reasonably calculated" to apprise Brookwood of the demand. Because we agree with plaintiff's statutory argument, we do not address its alternate argument.

made a timely written demand on the defendant for payment of a claim covered by the statute before initiating an action against the defendant. *See* Or Laws 1947, ch 366, § 1, codified at OCLA § 10-902a (Supp 1947). The legislature amended ORS 20.080(1) in 2009 to require, among other things that, a plaintiff make a timely written demand for payment of such a claim on "the defendant, *and on the defendant's insurer, if known to the plaintiff.*" Or Laws 2009, ch 487, § 1 (emphasis added). The issue before us is the meaning of that additional phrase, and, to resolve that question, we look first to the text of the statute.

Both parties agree that, in the context of this statute, "the defendant's insurer" means an insurer whose policy covers the claim at issue. The statute provides that a plaintiff is entitled to attorney fees for prevailing on a small tort claim "if the court finds that written demand for the payment of such claim was made on the defendant, and on the defendant's insurer, if known to the plaintiff, not less than 30 days before the commencement of the action." ORS 20.080(1). The text instructs that a written demand be made on the defendant's insurer for "such claim." It follows that the insurer to be served with the demand for payment is one whose policy covers the claim at issue. Thus, the statutory text dictates that "the defendant's insurer," as contemplated by ORS 20.080, means an insurer that has a coverage obligation to the defendant for the claim identified in the notice.

The term "defendant's insurer" is also qualified by the phrase "if known to the plaintiff." Plaintiff contends that the modifier, "if known to the plaintiff," dictates a narrow construction of the statute, which should be read to require delivery of a written demand on an insurer only when a plaintiff is actually "aware of or has knowledge that a particular insurer has an obligation to the defendant for the plaintiff's claim." That is, the statute does not require delivery of a demand to an insurer that the plaintiff is aware *could* be responsible for the claim; rather, it requires delivery of a demand to an insurer that the plaintiff knows *is* responsible for the claim. Plaintiff thus argues that the arbitrator and circuit court erred in determining that it was required to

send a written demand to "all the potential insurers [that plaintiff was] aware of," including Brookwood.[4]

Based on a plain reading of the text, we are persuaded that plaintiff's construction of ORS 20.080 is correct. By its terms, the statute requires that, to recover attorney fees, the prevailing plaintiff must have served a written demand for payment on insurers that the plaintiff *knows* to have an obligation on the claim. The statute does not require a plaintiff to serve a written demand on insurers that *might* have that obligation.

In denying plaintiff's request for attorney fees, both the arbitrator and the circuit court misconstrued ORS 20.080. After acknowledging that the statute does not indicate whether "defendant's insurer, if known to the plaintiff" means the defendant's current insurer, the insurer at the time of the negligent conduct, the insurer at the time of the discovery of the damage, or any interim insurers, the arbitrator construed the phrase to mean "any insurer *potentially* affording coverage for the claim." (Emphasis added.) The circuit court agreed with the arbitrator's construction, stating that "plaintiffs are required to provide notice to all the potential insurers they are aware of, and not just those [that] the plaintiff thinks are most likely to be responsible for coverage." Both the arbitrator and the circuit court erred

---

[4] We note that defendants do not defend on appeal the arbitrator's and circuit court's conclusion that ORS 20.080 required delivery of a written demand to all of defendants' *potential* insurers. Rather, defendants contend that Brookwood *was* the insurance company responsible for the claim, and thus plaintiff was required to serve a written demand on Brookwood to be entitled to recover its attorney fees. Indeed, defendants frame the dispute on appeal as "whether Brookwood—the overlooked insurer—was 'the defendant's insurer,' as that term is used in ORS 20.080." However, defendants' factual analysis ignores our standard of review on appeal, which is to determine, based on the facts found by the arbitrator, if the arbitrator and circuit court correctly construed and applied ORS 20.080 *as a matter of law*. ORS 36.425(6); *Foust v. American Standard Ins. Co.*, 189 Or App 125, 134, 74 P3d 1111 (2003). Here, the arbitrator made no factual determination about which insurer had a responsibility to cover the claim—at most, the arbitrator found that Brookwood "*may well* afford coverage to [defendants]" for the claim. (Emphasis added.) Instead, the arbitrator identified the issue as "whether the information within plaintiff's possession at the time [the] ORS 20.080 notices went out, * * * met the 'if known to the plaintiff' requirement as such requirement may be reasonably interpreted in accordance with Oregon caselaw." We therefore reject defendants' argument that plaintiff failed to meet the requirements of ORS 20.080(1) because Brookwood was, in fact, the insurer responsible for the claim.

by construing the statute to require a prevailing plaintiff to have sent demands to the *potential* insurers on the plaintiff's claim, a term that appears nowhere in the statute. *See* ORS 174.010; *Carlson v. Myers*, 327 Or 213, 224, 959 P2d 31 (1998) (when interpreting a statute, we "neither insert what has been omitted by the legislature nor omit what the legislature has inserted").[5]

Having determined that plaintiff's proposed construction of the statute is correct, we apply it to the facts found by the arbitrator: (1) plaintiff's attorney believed that plaintiff's claim would be covered by the Maxum insurance policy that was in effect at the time the roof was repaired, or, alternatively, by the policy of defendants' then-current insurance carrier, Century; (2) plaintiff's attorney knew that Brookwood was an insurer that provided coverage to defendants between June 2008 and June 2010, a time period after defendants' repair work and before plaintiff's discovery of the damage; and (3) plaintiff's attorney did not believe that Brookwood was defendants' insurer for the claimed damage. Based on those facts, Brookwood was not *known to plaintiff* to be defendant's insurer for the claim, and, thus, plaintiff was not required to serve a written demand on Brookwood under ORS 20.080 as a prerequisite for an award of attorney fees. Thus, the circuit court erred in affirming the arbitrator's denial of plaintiff's request for attorney fees.

Reversed and remanded.

---

[5] We note that the arbitrator also opined that "reasonably prudent construction defect lawyers practicing in the State of Oregon would have realized [that Brookwood], despite the 'interim' policy effective dates reflected on the [Oregon Construction Contractors Board] website ***, may well afford coverage to [defendants] for property damage occurring during the policy period, caused by prior negligence," and would thus have served a demand on Brookwood. Although the arbitrator stated that that "opinion [was] not decisive of the issue at hand," and there is no indication that the circuit court agreed with the arbitrator's conclusion on that point, we stress that the statute's knowledge requirement is that of the plaintiff, not of a reasonably prudent construction-defect lawyer.