Argued and submitted November 7, 2001, peremptory writ to issue March 28, 2002

Alisha F. BOLT
and Thomas Bolt,
Husband and Wife,
*Plaintiffs-Relators,*

*v.*

INFLUENCE, INC.,
a Delaware corporation,
*Defendant-Adverse Party,*

*and*

WOMEN'S HEALTHCARE CLINIC OF OREGON, P.C.,
an Oregon corporation;
and George M. Bailey, M.D.,
*Defendants.*

(CC 9911-12433; SC S48510)

43 P3d 425

John Paul Graff, of Graff & O'Neil, Portland, argued the cause and filed the brief for plaintiffs-relators. With him on the brief was Jeffrey B. Wihtol.

George S. Pitcher, of Tooze, Duden, Creamer, Frank & Hutchison, Portland, argued the cause and filed the brief for

defendant-adverse party. With him on the brief was Eric J. Neiman.

Barbara L. Johnston, Hillsboro, filed the brief for *amicus curiae* Oregon Association of Defense Counsel.

Jonathan M. Hoffman, Portland, filed the brief for *amicus curiae* Product Liability Advisory Council, Inc.

Linda K. Eyerman, Portland, filed the brief for *amicus curiae* Oregon Trial Lawyers Association.

BALMER, J.

## BALMER, J.

In this original mandamus proceeding, we consider the legal standards governing a trial court's decision on a motion to amend a complaint to add a punitive damages claim in a products liability case. The trial court denied plaintiffs' motion to amend on the ground that they had not presented evidence sufficient for a jury to find, by clear and convincing evidence, that they were entitled to punitive damages. Because ORS 18.535(3) sets out a less demanding "directed verdict" standard for evaluating a motion to amend to add a punitive damages claim, we conclude that plaintiffs are entitled to a peremptory writ of mandamus directing the trial judge to reconsider plaintiffs' motion.

The following facts are not contested. Influence, Inc. (defendant), manufactures and markets medical devices used to treat urinary incontinence. In 1997, a surgeon implanted one of defendant's devices, a transvaginal synthetic sling system, in the pelvis of plaintiff Alisha Bolt. Shortly thereafter, Alisha Bolt suffered serious postoperative complications and later underwent multiple surgeries to have the device removed. Attributing the cause of various injuries to the design of the synthetic sling, plaintiffs filed claims against defendant for negligence, products liability, and loss of consortium.[1]

After some discovery but before trial, plaintiffs moved to amend their complaint to add a claim for punitive damages based on allegations that defendant had marketed its synthetic sling with reckless and outrageous indifference to the risk of harm that that device posed to the public. After considering plaintiffs' evidence together with opposing evidence that defendant had submitted, the trial court denied plaintiffs' motion. In explaining its ruling, the court stated that it had used the following standard when examining the evidence:

> "[T]aking the evidence in the light most favorable to the plaintiff, could a reasonable jury find, *by clear and convincing evidence*, that the truth of the matter alleged is highly

---

[1] Plaintiffs also filed other claims against other defendants. Those claims are not at issue in this proceeding.

probable—that the defendant has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with conscious indifference to the health, safety, and welfare of others."

(Emphasis added.) This mandamus proceeding followed. ORS 34.110.

■    We begin with plaintiffs' contention that the trial court used the wrong legal standard in reviewing plaintiffs' motion to amend their complaint. Plaintiffs had submitted that motion under ORS 18.535, which provides, in part:

"(1)   A pleading in a civil action may not contain a request for an award of punitive damages except as provided in this section.

"(2)   At the time of filing a pleading with the court, the pleading may not contain a request for an award of punitive damages. At any time after the pleading is filed, a party may move the court to allow the party to amend the pleading to assert a claim for punitive damages. The party making the motion may submit affidavits and documentation supporting the claim for punitive damages. The party or parties opposing the motion may submit opposing affidavits and documentation.

"(3)   The court shall deny a motion to amend a pleading made under the provisions of this section if the court determines that the affidavits and supporting documentation submitted by the party seeking punitive damages fail to set forth specific facts supported by admissible evidence adequate to avoid the granting of a motion for a directed verdict to the party opposing the motion on the issue of punitive damages in a trial of the matter."

Plaintiffs argue that, under subsection (3) of that statute, their motion to amend must be supported only by *some* evidence of a *prima facie* case for punitive damages— *i.e.*, some evidence that defendant had "acted with malice or [had] shown a reckless and outrageous indifference to a highly unreasonable risk of harm and [had] acted with conscious indifference to the health, safety and welfare of others." ORS 18.537(1). Plaintiffs assert, therefore, that the trial court's application of a "clear and convincing" evidentiary standard to their motion was improper. They further

argue that they produced sufficient proof to require the court to allow their motion.

The initial issue presented, then, is one of statutory interpretation. We must determine what standard the legislature intended to require a court to use when determining the sufficiency of evidence submitted in support of a motion under ORS 18.535. As noted, subsection (3) of that statute instructs a court to deny a motion to amend a pleading to request punitive damages if a plaintiff fails to produce "specific facts supported by admissible evidence adequate to avoid the granting of a motion for a directed verdict * * *." ORS 18.535(3). In construing that provision, we are guided by the familiar methodology summarized in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), and we begin our inquiry with an examination of the text and context of the statute at issue.

ORS 18.535(3) directs a trial court to determine the sufficiency of the evidence in support of a motion seeking to request punitive damages by applying the standard for reviewing a motion for a "directed verdict." The statute does not define further the term "directed verdict" or the evidentiary standard that it implies. However, that term has a well-understood legal meaning. When the legislature referred to "evidence adequate to avoid the granting of a motion for a directed verdict," ORS 18.535(3), we conclude that it intended to invoke the evidentiary standard that Oregon law associates with such a motion. *See Gaston v. Parsons*, 318 Or 247, 253, 864 P2d 1319 (1994) (words in statute with well-defined legal meaning are given that meaning). We turn, then, to a discussion of that standard.

The granting of a directed verdict results in withdrawing a claim from the jury's consideration. ORCP 60. However, jury participation always has been an important part of resolving disputes in Oregon, and, as early as 1854, this court cautioned that, "[w]henever there is *any* evidence tending to prove a fact within the issue, the jury must pass on it[.]" *Latshaw v. Territory*, 1 Or 140, 142 (Or Terr 1854) (emphasis in original). By the 1920s, this court had declared that the standard governing the practice of granting a directed verdict was "definitely settled in this state." *Farrin*

*v. State Indus. Acc. Comm.*, 104 Or 452, 461, 205 P 984 (1922). In *Farrin*, the court quoted excerpts from 20 prior decisions, all of which supported the general rule that a directed verdict was not appropriate if there was some evidence to support the elements of a complaint. *Id.* at 461-66 (citing, *e.g.*, *Tippin v. Ward*, 5 Or 450, 453 (1875); *Collins v. United Brokers Co.*, 99 Or 556, 559-60, 194 P 458 (1921)).

Consistent with those earlier cases, this court has held more recently that "the jury must be permitted to consider every claim on which the plaintiff has presented *some* evidence tending to establish each element of that claim." *State v. Brown*, 306 Or 599, 602, 761 P2d 1300 (1988) (emphasis in original). In other words, "[o]nly when there is no evidence to support an element may the claim be withdrawn from the jury's consideration." *Id.* at 603.[2] Moreover, this court consistently has held that, when deciding a motion for directed verdict, a court must not weigh the evidence. Rather, the court must consider all the evidence, including reasonable inferences drawn therefrom, in the light most favorable to the party opposing the motion. *See, e.g.*, *Wootten v. Dillard*, 286 Or 129, 136, 592 P2d 1021 (1979) (explaining standard).

■    It is clear, then, that by referring to the "directed verdict" standard in ORS 18.535(3), the legislature intended the trial court to determine the sufficiency of evidence supporting a claim for punitive damages under the well-established "no evidence" standard (or, conversely, the "some evidence" standard) set out in this court's decisions, as discussed above.

Defendant nevertheless argues that, notwithstanding the text of ORS 18.535(3) and its incorporation of the

---

[2] Defendant suggests that, at least with respect to punitive damages claims, this court approved of the "clear and convincing" evidentiary standard when reviewing the sufficiency of evidence in a motion for directed verdict in *Oberg v. Honda Motor Co.*, 320 Or 544, 888 P2d 8 (1995). Defendant's reliance on *Oberg* is misplaced. That decision addressed post-verdict review of punitive damages awards and, to the extent that it discussed whether the plaintiffs had presented clear and convincing evidence of a punitive damages claim, it did so as a factual recounting of what the jury had concluded "at trial." *Id.* at 553.

"directed verdict" standard, the context of that statute supports the legal standard that the trial court applied. Defendant points to ORS 18.537(1), enacted contemporaneously with ORS 18.535(3), which provides that a plaintiff must present "clear and convincing" evidence to recover punitive damages.[3] Defendant contends that this court must construe ORS 18.537(1) and ORS 18.535(3) together to require a trial court to review the sufficiency of plaintiffs' *prima facie* evidence to determine whether a reasonable jury could conclude, by clear and convincing evidence, that punitive damages are warranted.

■     Nothing in the text of either ORS 18.535(3) or ORS 18.537(1) supports defendant's position. Those statutes do not refer to each other and, in our view, they are directed at unrelated issues: the burden of proof required to *amend a complaint* to plead punitive damages and, in contrast, the burden of proof required to *recover* punitive damages at trial. In *Askay v. Maloney*, 92 Or 566, 179 P 899 (1919), this court explained the distinction:

> " 'The term "burden of proof" has two distinct meanings. By the one is meant the duty of establishing the truth of a given proposition or issue by such a *quantum* of evidence as the law demands in the case in which the issue arises; by the other is meant the duty of producing evidence at the beginning or at any subsequent stage of the trial, in order to make or meet a *prima facie* case. * * *' "

*Id.* at 574 (quoting 10 Ruling Case Law 897, *Evidence*, § 47 (1915)) (emphasis in original). Thus, the "clear and convincing" burden of proof in ORS 18.537(1), which refers to the ultimate burden of proof that a plaintiff must meet to recover punitive damages, has no relation to the burden associated with the "directed verdict" standard used to review the sufficiency of evidence on a motion under ORS 18.535(3). A plaintiff satisfies the latter by producing some evidence in support of a *prima facie* case. *Brown*, 306 Or at 602. *See also Wootten*,

---

[3] The entire text of ORS 18.537(1) provides:

"Punitive damages are not recoverable in a civil action unless it is proven by clear and convincing evidence that the party against whom punitive damages are sought has acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety and welfare of others."

286 Or at 135-36 (in deciding whether to submit case to jury, "we are unconcerned with the quantum of evidence. Our concern is only with the existence of evidence which, if accepted as being true by the trier of fact, would establish [the fact in question].").

■        In summary, we conclude that the trial court erred in using a "clear and convincing" evidentiary standard to review the sufficiency of evidence submitted under ORS 18.535(3) in support of plaintiffs' motion to amend their complaint to request punitive damages. That provision requires a court to deny such a motion only if the evidence submitted is not adequate to overcome an opposing motion for a directed verdict—*i.e.*, only if there is "no evidence" from which the jury could find the facts necessary to establish an element of plaintiffs' claim. *Brown*, 306 Or at 603.[4]

We turn to plaintiffs' contention that the trial court improperly considered defendant's evidence in denying plaintiffs' motion to amend.[5] According to plaintiffs, a trial court may not consider any evidence submitted by a defendant in opposition to a motion to amend a complaint under ORS 18.535(3). That is because, they argue, the statute expressly limits the evidence that a court may consider:

> "The court shall deny a motion to amend a pleading * * * if the court determines that the affidavits and supporting documentation submitted *by the party seeking punitive damages* fail to set forth specific facts supported by admissible evidence adequate to avoid the granting of a motion for directed verdict * * *."

ORS 18.535(3) (emphasis added). Plaintiffs therefore contend that ORS 18.535(3) establishes a general rule that it is irrelevant whether a defendant can produce any evidence that

___

[4] Because the text of ORS 18.535(3) does not permit a court to incorporate a "clear and convincing" standard of proof in its directed verdict review, we need not reach plaintiffs' claim that doing so otherwise would be impermissible because it would require a court to weigh the evidence in place of the jury in violation of Article I, section 17, of the Oregon Constitution.

[5] According to defendant, plaintiffs raise for the first time in this court the issue whether ORS 18.535(3) permitted the trial court to consider defendant's evidence. For the purposes of the discussion that follows, we assume, without deciding, that defendant is correct in its factual premise, but that plaintiffs nevertheless may raise the issue for the first time in this original proceeding.

establishes a factual defense to a punitive damages claim at the pleading stage of trial. We disagree.

■    We cannot reconcile plaintiffs' restrictive interpretation of subsection (3) of ORS 18.535 with the immediately preceding subsection (2), which provides, in part:

> "At any time after the pleading is filed, a party may move the court to allow the party to amend the pleading to assert a claim for punitive damages. The party making the motion may submit affidavits and documentation supporting the claim for punitive damages. *The party or parties opposing the motion may submit opposing affidavits and documentation.*"

ORS 18.535(2) (emphasis added). When construing related statutory provisions, we are not to omit what has been inserted, and we are to construe multiple provisions, if possible, in a manner that will give effect to all. *See* ORS 174.010 (stating principles). Viewing ORS 18.535 as a whole, the last sentence of subsection (2) would be rendered meaningless if subsection (3) prevented the consideration of evidence, the submission of which subsection (2) expressly had allowed. In contrast, giving full effect to subsection (2) does not conflict with the wording in subsection (3). Subsection (3) is not directed at *what* evidence a court shall consider under ORS 18.535, but at *how* a court shall consider such evidence. In that regard, subsection (3) sets out the burden a plaintiff must meet to amend a complaint to seek punitive damages— namely, the plaintiff must submit "facts supported by admissible evidence adequate to avoid the granting of a motion for directed verdict." The defendant has no such burden and, thus, the fact that there is no reference to the defendant's evidence in subsection (3) is both unsurprising and of no consequence.

■■    Moreover, plaintiffs concede that a court would have to consider evidence submitted by the opposing party to determine whether that party met the requirements of one of the statutory immunities to punitive damages. *See, e.g.*, ORS 18.550 (exempting health practitioners from punitive damage awards under certain conditions); ORS 30.927 (conditionally exempting drug manufacturers). Accordingly, we conclude that the legislature did not intend ORS 18.535(3) to

prohibit a trial court from considering evidence that a defendant offers in opposition to a motion brought under that statute. As noted, however, a court considers such evidence as it would in ruling on a motion for a directed verdict—that is, to the extent that it establishes that a defendant is immune or enjoys some other exemption or complete defense to a punitive damages award.

As a final matter, plaintiffs contend that the trial court committed various errors in considering other evidence the parties had presented. Whether or not that is the case, we decline to resolve those claims, because to do so would require this court to conduct its own detailed review of the evidence in the record and to evaluate on the merits plaintiffs' motion to amend under ORS 18.535(3). The trial court will have an opportunity to reconsider plaintiffs' motion to amend using the correct evidentiary standard.

Peremptory writ to issue.