Argued and submitted November 4, 2004, decision of Court of Appeals
and judgment of circuit court affirmed February 24, 2006

Richard ALLEN,
James Anderson, John J. Atkins,
David A. Baleria, Jeanne Burrows,
Kenneth R. Curtis, Steven E. Daniels,
Sandra Depiero, Sandra L. Eccker,
Miltona L. Hendrix, Michel Holloran-Marshall,
Brad L. Hope, Richard C. Kennedy,
Robert O. Kennedy, Susan M. Luttes,
Ed Mayer, Ronald D. Parker,
Dewey P. Patten, Danny Lee Penland,
David Roughton, Jeannette M. Sieg,
Tenley Tanhoff, Edward C. Emple,
Shirley A. Tolbert, James L. Vansant,
and James N. Warren,
*Petitioners on Review,*

*v.*

COUNTY OF JACKSON COUNTY,
*Respondent on Review.*

COUNTY OF JACKSON COUNTY,
*Third-Party Plaintiff,*

*v.*

STATE OF OREGON,
*Third-Party Defendant.*

(97-0009-L1; CA A115689; SC S51180)

130 P3d 308

Michael J. Morris, of Bennett, Hartman, Morris & Kaplan, LLP, Portland, argued the cause and filed the brief for petitioners on review. With him on the brief was Gregory A. Hartman, Portland.

Timothy J. Sercombe, of Preston Gates & Ellis LLP, Portland, argued the cause and filed the brief for respondent on review.

Before Carson, Chief Justice,** and Gillette, Durham, Riggs, De Muniz,*** and Balmer, Justices.****

** Chief Justice when case was argued.

*** Chief Justice when decision was rendered.

**** Kistler, J., did not participate in the consideration or decision of this case.

RIGGS, J.

**RIGGS, J.**

This case involves the proper measure of damages for certain statutory wage claims. The underlying litigation resulted from a change in state law regarding who must pay employee pension contributions amounting to 6 percent of salary—a change later held unconstitutional. Before that change was declared unconstitutional, defendant Jackson County responded to it with a payroll scheme that deducted 6 percent from certain employees' pay, but also simultaneously paid the same employees a 5.7 percent pay increase. Because the law requiring the 6 percent deduction was held unconstitutional, the previously authorized 6 percent deductions became unlawful retrospectively. Plaintiffs, Jackson County employees whose paychecks were affected, argue that they are entitled to the 6 percent of their salary that Jackson County unlawfully deducted from their paychecks. Jackson County contends that it is entitled to a credit for the 5.7 percent pay increase that it gave plaintiffs to offset the deduction. The trial court awarded plaintiffs 0.3 percent damages, and the Court of Appeals affirmed. On review, we affirm the decision of the Court of Appeals and the judgment of the trial court.

Because plaintiffs challenge (in part) the trial court's denial of a motion for directed verdict, we set out all disputed facts in the light most favorable to Jackson County. *See Bolt v. Influence, Inc.*, 333 Or 572, 578, 43 P3d 425 (2002) ("the court must consider all the evidence, including reasonable inferences drawn therefrom, in the light most favorable to the party opposing the motion [for directed verdict]").

On November 8, 1994, the voters passed Ballot Measure 8, an initiative measure that amended the Oregon Constitution.[1] In summary, Ballot Measure 8 required those

---

[1] The text of Ballot Measure 8 stated, in part:

"Paragraph 1. The Oregon Constitution is amended by creating new sections to be added and made a part of Article IX, such sections to read:

"Section 10. (1) Notwithstanding any existing State or Federal laws, an employee of the State of Oregon or any political subdivision of the state who is a member of a retirement system or plan established by law, charter or ordinance, or who will receive a retirement benefit from a system or plan offered by the state or a political subdivision of the state, must contribute to the system or plan an amount equal to six percent of their salary or gross wage.

public employees eligible for retirement benefits to contribute 6 percent of their salary toward those benefits. Ballot Measure 8 also prohibited the state and its political subdivisions from either agreeing to pay the 6 percent contribution for their employees or increasing employee pay to compensate for the 6 percent deduction. The measure became effective December 8, 1994. *See* Or Const, Art IV, § 1(4)(d) (initiative measure becomes effective 30 days after enacted).

On December 7, 1994—after Ballot Measure 8 had passed, but before it became effective—the Jackson County Board of Commissioners approved Order No. 488-94. That order simultaneously (1) increased the pay of nonunion employees by 5.7 percent; and (2) directed the deduction, from the increased paychecks, of the 6 percent retirement contribution mandated by Ballot Measure 8. Jackson County made the changes retroactive to November 28, 1994.

In 1996, this court held Ballot Measure 8 unconstitutional because it violated the United States Constitution's prohibition against impairing the obligation of contracts. *Oregon State Police Officers' Assn. v. State of Oregon*, 323 Or 356, 361, 918 P2d 765 (1996). After that decision, Jackson County stopped deducting the 6 percent retirement contribution from nonunion employee paychecks and resumed its practice of paying retirement contributions on behalf of those employees. Jackson County continued paying those employees the 5.7 percent pay raise.

Plaintiffs are the Sheriff of Jackson County and 25 of his nonunion employees. After this court held Ballot Measure 8 invalid, they sued Jackson County for damages, pleading (among other things) a breach of contract claim and an ORS chapter 652 statutory wage claim. Plaintiffs asserted that

---

"2. On and after January 1, 1995, the state and political subdivisions of the state shall not thereafter contract or otherwise agree to make any payment or contribution to a retirement system or plan that would have the effect of relieving an employee, regardless of when that employee was employed, of the obligation imposed by subsection (1) of this section.

"3. On and after January 1, 1995, the state and political subdivisions of the state shall not thereafter contract or otherwise agree to increase any salary, benefit or other compensation payable to an employee for the purpose of offsetting or compensating an employee for the obligation imposed by subsection (1) of this section."

they were entitled to be repaid the 6 percent deducted from their paychecks for retirement contributions.

Plaintiffs later clarified that they asserted two different statutory wage claims under ORS chapter 652. First, plaintiffs asserted that Jackson County had violated ORS 652.120, which provides, in part:

"(1)   Every employer shall establish and maintain a regular payday, at which date all employees shall be paid the wages due and owing to them."

Plaintiffs claimed that the 6 percent deducted from their wages in reliance on the unconstitutional Ballot Measure 8 were "wages due and owing."

Second, plaintiffs asserted that Jackson County had violated ORS 652.610(3), which prohibits an employer from "withhold[ing], deduct[ing] or divert[ing] any portion of an employee's wages" unless certain conditions (none relevant here) apply. The remedy for violating ORS 652.610(3) is set out in ORS 652.615, which entitles the employee to "actual damages or $200, whichever is greater."[2]

In its answer, Jackson County raised a number of affirmative defenses. One affirmative defense was that it had intended the 5.7 percent pay increase to mitigate the effect of Ballot Measure 8 on county employees, so that increase should be deducted from any award of damages. Jackson County also denied that five of the plaintiffs were entitled to any recovery at all.

Both parties moved for summary judgment. The trial court granted the motions in part, and both parties appealed. The Court of Appeals reversed and remanded the matter to the trial court. *Allen v. County of Jackson*, 169 Or App 116, 7 P3d 739 (2000) (*Allen I*). Among other things, the *Allen I* court concluded that a genuine issue of material fact

---

[2] ORS 652.615 provides:

"There is hereby created a private cause of action for a violation of ORS 652.610(3) for actual damages or $200, whichever is greater. In any such action the court may award to the prevailing party, in addition to costs and disbursements, reasonable attorney fees."

The judgment below awarded each recovering plaintiff more than $200 in damages, so the statutory minimum recovery did not come into play.

remained regarding the 5.7 percent pay increase: Plaintiffs had presented evidence that it was a genuine pay increase, while Jackson County had presented evidence that it was intended to compensate plaintiffs partially for the 6 percent retirement deduction from their pay. *Id.* at 125-27.

On remand, the case proceeded to trial. By the time of trial, the only remaining issue relevant to this case was damages; Jackson County had conceded liability on both the breach of contract claim and the statutory wage claims. The parties presented only the breach of contract damages issue to the jury. As to the statutory wage claims, the parties agreed that, unless the trial court determined damages as a matter of law, the jury verdict on contract damages would control.

At trial, Jackson County presented evidence supporting its claim that the 5.7 percent pay increase was compensation for the 6 percent retirement deduction required by Ballot Measure 8. As already noted, Jackson County ordered the pay increase after Ballot Measure 8 passed, but before Ballot Measure 8 became effective and prohibited any raises to compensate for the retirement deduction. Jackson County used a single order to authorize both the pay increase and the retirement deductions, and it directed the pay increase and retirement deductions to begin on the same date. Jackson County presented testimony that it intended the pay increase to compensate its nonunion employees for the 6 percent retirement deductions that Ballot Measure 8 would have required. Jackson County also introduced evidence that, prior to Ballot Measure 8, the county had itself paid a 6 percent retirement contribution for its employees; once Ballot Measure 8 prohibited those contributions, Jackson County used the budgeted retirement contributions to fund the 5.7 percent pay increase.

On the breach of contract claim, the jury returned a verdict for 21 of the plaintiffs in the amount of 0.3 percent of plaintiffs' wages.[3] The jury also determined that five plaintiffs were not entitled to damages. The trial court awarded

---

[3] The parties offered the jury a special verdict form. As to the 21 plaintiffs, the jury could choose between a verdict for plaintiffs in the amount of 6 percent of their wages, or a verdict for plaintiffs in the amount of 0.3 percent of their wages.

the same amount of damages on the statutory wage claims and entered judgment accordingly.

Plaintiffs appealed, contending that the trial court had erred in denying their motions for judgment on the pleadings and for a directed verdict on the statutory wage claims. Those motions were essentially identical: Plaintiffs claimed that they were entitled to the full amount deducted from their wages as a matter of law, regardless of what Jackson County pleaded or proved about the 5.7 percent pay increase. The Court of Appeals disagreed, however, and affirmed the trial court. *Allen v. County of Jackson County*, 191 Or App 185, 82 P3d 628 (2003) (*Allen II*).

■     The only issue presented on review involves the measure of damages for the statutory wage claims. Plaintiffs do not challenge the jury verdict on the claim for breach of contract, and they make no separate argument regarding the five plaintiffs who recovered nothing.

■     As an initial matter, plaintiffs argue that the law of the case requires that they be awarded the full 6 percent. In *Allen I*, plaintiffs claim, the Court of Appeals held that damages for violating ORS 652.610(3) are, as a matter of law, in the amount of the unlawful deduction. That holding became the law of the case, plaintiffs assert, and so entitles them to 6 percent damages. But even if the Court of Appeals did so hold in *Allen I*—the Court of Appeals concluded that it had not so held, *Allen II*, 191 Or App at 203—it would be the law of the case only as to the trial court and the Court of Appeals. It is not the law of the case as to this court, and we are not bound by the Court of Appeals' conclusions in *Allen I*. *See Thompson v. Coughlin*, 329 Or 630, 635 n 5, 997 P2d 191 (2000) ("[T]he [first] Court of Appeals' ruling operated as 'law of the case' as to the trial court and the Court of Appeals. However, as this court never has addressed this issue, this court is not bound by the Court of Appeals' ruling as law of the case." (citation omitted)).

Our recitation of the evidence offered and the issues submitted to the jury is just that—a recitation. Neither party to this litigation challenged the propriety of trying the issues that were tried—including Jackson County's "motivation"—to a jury, and we express no opinion on that question.

Plaintiffs do not here dispute the evidence that Jackson County presented at trial. Neither do they dispute the validity of the jury verdict on the breach of contract claim or the adequacy of the facts to support that verdict. They claim only that the facts are not legally significant to the damages that they should be awarded on their statutory wage claims.

Plaintiffs thus effectively concede these facts: That Jackson County proved that its 5.7 percent pay increase was partial reimbursement for the 6 percent retirement contribution required by Ballot Measure 8; that Ballot Measure 8 required Jackson County to deduct 6 percent from its employees' paychecks, but Jackson County simultaneously returned 5.7 percent to them in the form of a pay increase; and finally, that the pay increase was not a raise, but a bookkeeping device to limit the harm of Ballot Measure 8 to its employees.

With that factual background, we turn to the statutes. We use the now-familiar methodology for statutory construction set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). We seek the intent of the legislature by examining the statutory text in context. *Id.* at 610. If that examination makes the statutory meaning clear, then we will inquire no further. *Id.* at 611.

■ First, the measure of damages for plaintiff's ORS 652.610(3) claim for unlawful deductions is "actual damages." ORS 652.615 provides, in part:

> "There is hereby created a private cause of action for a violation of ORS 652.610(3) for actual damages or $200, whichever is greater."

The term "actual damages" needs no elaboration; it is a legal term with a familiar legal meaning. *See, e.g.*, *Bolt*, 333 Or at 577 (in statutory construction, words with well-defined legal meaning are given that meaning). "In our use of the term 'actual damages' we mean the sum which is recoverable under the common rules governing the award of damages." *Kinzua Lbr. Co. v. Daggett et al.*, 203 Or 585, 591, 281 P2d 221 (1955) (distinguishing actual damages from punitive damages). *See also Black's Law Dictionary* 390 (6th ed 1990)

("actual damages" means "[r]eal, substantial and just damages, or the amount awarded to a complainant in compensation for his actual and real loss or injury"). Plaintiffs identify nothing to suggest that the legislature intended any different meaning. Here, "actual damages" refers to the difference between the amount that each worker received beginning the day that Jackson County began to deduct an amount from each worker's pay, and the amount that each worker had received before that date. As noted, that difference was 0.3 percent, not 6 percent.

Of the 6 percent deducted for retirement contributions, Jackson County returned 5.7 percent simultaneously, in every paycheck, so only the net amount—0.3 percent—ever was "deducted." We reject plaintiffs' claim that a net 0.3 percent deduction actually damaged them by 6 percent. Only the 0.3 percent deduction implicates the remedial scheme in ORS 652.610(3).[4]

Plaintiffs' second statutory wage claim is for "wages due and owing" under ORS 652.120. For the reasons just discussed, however, plaintiffs have not shown that 6 percent of their wages are due and owing. They showed only that 0.3 percent of their wages were due and owing, and the trial court gave them judgment for that amount. Plaintiffs are not entitled to any additional relief under ORS 652.120.

---

[4] Plaintiffs claim to find additional support in ORS 652.610(4). While ORS 652.610(3) prohibits employers from "withhold[ing], deduct[ing] or divert[ing] any portion of an employee's wages" except in certain circumstances, ORS 652.610(4) provides that

"[n]othing in this section shall * * * diminish or enlarge the right of any person to assert and enforce a lawful setoff or counterclaim or to attach, take, reach or apply an employee's compensation on due legal process."

Plaintiffs argue that "[Jackson County] did not have any offsets or counterclaims and therefore did not assert any," and, "[w]ithout a legal basis for an offset or a counterclaim[, Jackson County] owes plaintiffs the full amount of their unpaid wages."

Plaintiffs do not explain their logic. Subsection (4) gives additional guidance as to when a deduction is unlawful under subsection (3), but Jackson County already conceded that these deductions were unlawful. Plaintiffs do not identify, and we cannot determine, how subsection (4) would cause "actual damages" to mean something beyond its plain, accepted meaning.

We therefore conclude that plaintiffs were not entitled to 6 percent damages on their statutory wage claims as a matter of law.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.