Argued and submitted September 6, 2006, affirmed March 21, 2007

Kent RICHARDSON,
*Plaintiff-Appellant,*

*v.*

FRED MEYER, INC.,
a Delaware corporation,
*Defendant-Respondent,*

*and*

Paul SMITH,
*Defendant.*

Multnomah County Circuit Court
030100359; A126290

155 P3d 881

Gregory Kafoury argued the cause and filed the opening brief for appellant. On the reply brief was Mark McDougal.

Cecil Reniche-Smith argued the cause for respondent. With her on the brief was Hoffman, Hart & Wagner, LLP.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge,* and Wollheim, Judge.**

EDMONDS, P. J.

_____

* Brewer, C. J., *vice* Ceniceros, S. J.

** Wollheim, J., *vice* Linder, J.

### EDMONDS, P. J.

Plaintiff brought a civil action for false arrest against defendants, and the jury returned a verdict in his favor for compensatory damages.[1] Plaintiff appeals and assigns error to the denial of his pretrial motions to add a claim for punitive damages. Defendant responds that plaintiff's assignment of error is not subject to meaningful review because there is no record of the parties' arguments regarding the motions. Alternatively, defendant argues that the trial court properly exercised its discretion in denying the motions. We affirm.

We state the facts in the light most favorable to plaintiff. *Bolt v. Influence, Inc.*, 333 Or 572, 578, 43 P3d 425 (2002). Plaintiff went into a Fred Meyer store and bought a half-case of beer at the U-scan machine. A check-out clerk at the machine saw plaintiff make the purchase. Plaintiff noticed that the cardboard carton was damp and that the handle was ripping. He asked the check-out clerk if he could exchange the carton. She replied that he could. Plaintiff retrieved a replacement carton, took it to the U-scan check-out area, and showed it to the clerk, who told him to "go ahead." Outside the store, plaintiff was approached by Smith, Fred Meyer's security agent. Smith apprehended plaintiff and led him back toward the store. Plaintiff asked Smith what he had done, but Smith ignored him. Plaintiff explained that he had paid for the beer, that the receipt was in the machine, and that Smith should talk to the check-out clerk. Plaintiff told Smith that, "You're going to be very embarrassed. I paid for the beer. I work right across the street at Value Village, and I'm over here all the time. I'm a good customer." Smith then began mocking plaintiff, asking, "Ok, Mr. Value Village, where were you born? Ok, Mr. Value Village, have you ever been arrested before?" Plaintiff responded, "Fuck you." Smith then shoved plaintiff against a wall, cocked plaintiff's wrist, and handcuffed him. Once plaintiff was inside the store's detention room, Smith began "applying a good amount of pressure" to plaintiff's wrist.

---

[1] Defendant Paul Smith is not a party to this appeal. References to "defendant" are to Fred Meyer, Inc.

Plaintiff protested, and Smith released him and then rehandcuffed him to the wall. Thereafter, someone checked with the clerk and confirmed that plaintiff had paid for the beer. Plaintiff was released, and Smith apologized to him.

Plaintiff filed an action for false arrest against defendant on January 10, 2003. Defendant filed its responsive pleading on February 11, 2003. On March 26, 2004, plaintiff filed a motion to amend his complaint to add a claim for punitive damages pursuant to ORCP 23 and *former* ORS 18.535 (2001), *renumbered as* ORS 31.725 (2003). Trial was scheduled for September 2004. In support of the motion, plaintiff submitted an affidavit by his attorney, a memorandum of law outlining the above facts, and a transcript from the deposition of plaintiff conducted by defendant. In response, defendant filed a memorandum in which it raised plaintiff's failure to file a motion *praecipe* according to local court procedural rules[2] and in which defendant asked the court to strike the motion to amend.[3]

Defendant also responded to the merits of plaintiff's proposed claim, asserting that plaintiff's evidence was legally insufficient to support an award of punitive damages. Defendant averred that Smith's stop of plaintiff was handled professionally and appropriately, and was reasonable because plaintiff had been observed taking the beer and leaving the store without paying for it. In defendant's view, Smith's use

[2] Multnomah County SLR 5.015 provides, in part:

"(1) In circuit court civil actions, all contested pretrial motions (excluding ex parte) shall be placed on the civil motion docket either by motion praecipe, by an Order to Show Cause, or by order of the Presiding Judge or the Presiding Judge's designee.

"* * * * *

"(5) The original motion praecipe shall be attached to the assigned judge's copy of the motion, including motions assigned to pro tem judges, and delivered to the assigned judge at the time the motion is filed. A copy of the motion praecipe shall be attached to the service copy of the motion and delivered to all parties. Failure to deliver a praecipe and copy of the motion when required by this rule may result in sanctions as provided by UTCR 1.090, including striking the underlying motion."

[3] UTCR 1.090 provides, in part:

"(1) For failure to file a pleading or other document in the manner, the form or the time required by these rules or SLR, the court may strike the pleading or document."

of force was caused by plaintiff's "escalation" of the situation by yelling and cursing at Smith and sticking his finger in Smith's face. Defendant also argued that it was necessary to return plaintiff to the store in order to confirm his story, and that once it was confirmed that he had paid for the beer, he was immediately released and given an apology. In addition, defendant argued that the entire episode took no more than 20 minutes, and that calling someone "Mr. Value Village," if that occurred, did not rise to the level of displaying a "particularly aggravated disregard" of personal rights.

On March 26, 2004, plaintiff submitted a motion *praecipe*, and the motion was set for hearing on April 9, 2004. Initially, the trial court refused to strike plaintiff's motion under UTCR 1.090. The parties did not request that the hearing on the motion be reported, and neither party submitted a transcript of the hearing on appeal. The court ruled on plaintiff's motion on April 9, 2004. The court's order of that date does not reflect the basis of its decision, but states:

> "After reviewing the written submissions of counsel and considering the oral argument presented during the hearing, the court has determined that the Motion should be denied."

On the morning of trial on September 7, 2004, plaintiff renewed his motion to amend his complaint to add punitive damages. The trial court denied the motion but, because the recording equipment used in the hearing was faulty, there is no transcript of that proceeding either.

Defendant argues on appeal that, pursuant to ORCP 23 A, the denial of a motion to amend the pleadings is reviewed for abuse of discretion.[4] It follows, according to defendant, that because there is no record of the parties' arguments regarding the motions, nor of the trial court's reason for denying the motions, plaintiff's assignment of error is

---

[4] ORCP 23 A provides, in part:

"A pleading may be amended by a party once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

not reviewable. Plaintiff responds that, pursuant to *former* ORS 18.535, the trial court was authorized to deny the motion *only* if there was insufficient evidence to support a claim for punitive damages, and, therefore, the lack of a record of the hearing is irrelevant to our review.

■■     ORS 19.365(5) provides, "If the record on appeal is not sufficient to allow the appellate court to review an assignment of error, the court may decline to review the assignment of error and may dismiss the appeal if there are no other assignments of error that may be reviewed." It is axiomatic that an appellant has the responsibility of providing a sufficient record for review of the claims of error. *H.N.M. Enterprises, Inc. v. Hamilton*, 49 Or App 613, 617, 621 P2d 57 (1980), *rev den*, 290 Or 449 (1981). If the record is insufficient for review, a claim of error will be disregarded. *Id.* Necessarily, under these rules, our inquiry is fact specific to the circumstances of this case.

Plaintiff's motion to amend his pleading to add a claim for punitive damages is governed by *former* ORS 18.535, which provided, in part:

"(1)   A pleading in a civil action may not contain a request for an award of punitive damages except as provided in this section.

"(2)   At the time of filing a pleading with the court, the pleading may not contain a request for an award of punitive damages. At any time after the pleading is filed, a party may move the court to allow the party to amend the pleading to assert a claim for punitive damages. The party making the motion may submit affidavits and documentation supporting the claim for punitive damages. The party or parties opposing the motion may submit opposing affidavits and documentation.

"(3)   The court shall deny a motion to amend a pleading made under the provisions of this section if the court determines that the affidavits and supporting documentation submitted by the party seeking punitive damages fail to set forth specific facts supported by admissible evidence adequate to avoid the granting of a motion for a directed verdict to the party opposing the motion on the issue of punitive damages in a trial of the matter."[5]

---

[5] *Former* ORS 18.535 was amended and renumbered as ORS 31.725 in 2003. Or Laws 2003, ch 552. In its current form, ORS 31.725 provides, in part:

In *Foust v. American Standard Ins. Co.*, 189 Or App 125, 74 P3d 1111 (2003), we considered a similar issue that informs our analysis here. In that case, the plaintiff appealed a judgment in which the trial court ruled that an arbitrator's denial of the plaintiff's request for attorney fees incurred in an arbitration proceeding was not subject to review. The plaintiff argued that the trial court's judgment was inadequate for appellate review because it failed to describe the relevant facts and legal criteria on which it relied in denying her request for attorney fees and that we must remand the case for the trial court to state the rationale for its conclusion. We concluded that, under the relevant statute, ORS 36.425(6), the trial court was authorized to decline review for only two reasons. We explained,

> "In substance, the statute provides that the trial court '*shall* decide the issue' (emphasis added) unless the exceptions are not timely filed or are not directed to the legal grounds for the award or denial of attorney fees or costs or to the amount of the award. Judicial review is mandatory unless one or both of those requirements is not met. *Cf. Monroe v. Harmon,* 158 Or App 196, 201-03, 973 P2d 392, *rev den,* 329 Or 126 (1999) (holding that the provision in ORS 36.425(2)(a) that, after written notice of appeal and request for trial *de novo* of the action is filed, 'trial *de novo* shall be held' is mandatory, even though the appealing party failed to participate in arbitration). The record before

---

"(3) The court shall deny a motion to amend a pleading made under the provisions of this section if:

"(a) The court determines that the affidavits and supporting documentation submitted by the party seeking punitive damages fail to set forth specific facts supported by admissible evidence adequate to avoid the granting of a motion for a directed verdict to the party opposing the motion on the issue of punitive damages in a trial of the matter; or

"(b) The party opposing the motion establishes that the timing of the motion to amend prejudices the party's ability to defend against the claim for punitive damages.

"(4) The court may grant a continuance on a motion under this section to allow a party opposing the motion to conduct such discovery as is necessary to establish one of the grounds for denial of the motion specified in subsection (3) of this section. If the court grants the motion, the court may continue the action to allow such discovery as the defendant may require to defend against the claim for punitive damages."

The amendments to ORS 18.535 apply only to actions commenced after January 1, 2004, the effective date of the 2003 act. Or Laws 2003, ch 552, § 2, *compiled as a note after* ORS 31.725 (2003).

us is sufficient to allow us to determine whether plaintiff met the requirements of ORS 36.425(6) and, thus, whether the trial court erred in declining to consider her exceptions."

*Foust*, 189 Or App at 131.

■     The threshold issue in this case is one of legislative intent.[6] Did the legislature intend to limit a trial court's discretion in deciding whether to allow an amended complaint alleging punitive damages to deciding only whether there was any evidence to support the punitive damage claim, or did the legislature intend that a trial court retain its discretion to deny such an amendment on grounds other than the sufficiency of the evidence? As with any other issue of statutory interpretation, in order to discern the legislature's intent, the first level of analysis requires us to examine the text and context of the statutes. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

When the provisions of ORCP 23 A are considered in conjunction with the provisions of *former* ORS 18.535, the following becomes evident. The first sentence of ORCP 23 A permits a pleading to be amended by a party once as a matter of course before a responsive pleading is served. However, under *former* ORS 18.535, a pleading could not contain a request for an award of punitive damages. Rather, "[a]t any time after the pleading is filed, a party may move the court to allow the party to amend the pleading to assert a claim for punitive damages." Although under ORCP 23 A, a party could plead as a matter of course an amended pleading, *former* ORS 18.535 required that when an amended pleading contained a claim for punitive damages, leave of the court must first have been sought to file the amended pleading. Under ORS 174.020(2), when a general and a particular provision are inconsistent, the particular intent controls over the general intent. Because *former* ORS 18.535 is the more specific statute regarding the pleading of punitive damages, it

---

[6] Though defendant cites *Stranahan v. Fred Meyer, Inc.*, 153 Or App 442, 462, 958 P2d 854 (1998), *rev'd*, 331 Or 38 (2000), for the proposition that the abuse of discretion standard applies to motions to amend to add a claim for punitive damages, the action in that case was commenced long before the effective date of *former* ORS 18.535. Or Laws 1995, ch 688, § 5.

controls over ORCP 23 A in the event of a conflict between the two rules.

The second sentence of ORCP 23 A, however, is not inconsistent, at least in part, with the provisions of *former* ORS 18.535. Under *former* ORS 18.535, a party may amend a pleading only by leave of the court or by written consent of the adverse party after a responsive pleading is served. Under the latter rule, "[a]t any time after the pleading is filed, a party may move the court to allow the party to amend the pleading to assert a claim for punitive damages." However, ORCP 23 A thereafter directs the court to exercise its discretion as to whether to grant the motion to amend "and leave shall be freely given when justice so requires." In contrast, *former* ORS 18.535 provided that the court

> "shall deny a motion to amend a pleading made under the provisions of this section if the court determines that the affidavits and supporting documentation submitted by the party seeking punitive damages fail to set forth specific facts supported by admissible evidence adequate to avoid the granting of a motion for a directed verdict to the party opposing the motion on the issue of punitive damages in a trial of the matter."

Although plaintiff argues that the trial court was authorized to deny his motion to add a claim of punitive damages only if grounds to grant a directed verdict existed, the above statutes are not susceptible to that interpretation. *Former* ORS 18.535 directed a court when to deny a motion to amend a pleading to add a claim for punitive damages when the evidence is insufficient; it did not purport to limit a court's discretion to deny such a motion on other grounds. Under ORS 174.010, we are not authorized to insert terms that have been omitted; rather, our obligation is to "declare what is, in terms or in substance, contained therein[.]"

If the legislature had intended to limit a trial court's discretion in the above circumstances to denying a motion only when the evidence was insufficient, it could have easily said so by directing courts to grant motions to amend only when the evidentiary requirement is satisfied and not otherwise. Because the legislature instead chose to describe only when a court is required to deny such motion, we infer that it

intended to vest the trial court with discretion to grant or deny the motion on other grounds, as ORCP 23 A indicates.

The above understanding of the interaction between ORCP 23 A and *former* ORS 18.535 is supported by a comparison with the statute involved in *Foust*. In that case, ORS 36.425(6) provided that "[e]xceptions [to an arbitrator's award] under this subsection may be directed to the legal grounds for an award or denial of attorney fees or costs, or to the amount of the award. * * * A judge of the court shall decide the issue[.]" We held that judicial review was mandated under the language of the statute unless one or both of the requirements for judicial review was not met. *Foust*, 180 Or App at 131. Unlike ORS 36.425(6), *former* ORS 18.535 did not prescribe the universe of circumstances under which a motion to amend a pleading to add a claim for punitive damages may be denied. Indeed, ORS 36.425(6) illustrates that the legislature knows how to promulgate those kinds of requirements when it intends to do so.

There is one further loose end that needs to be tied up. In *Bolt*, on which plaintiff relies, the plaintiffs brought an original mandamus proceeding in the Supreme Court after the trial court denied the plaintiffs' motion to amend on the ground that they had not presented evidence sufficient for a jury to find by clear and convincing evidence that they were entitled to punitive damages. The Supreme Court examined the legislative history of *former* ORS 18.535 and declared,

> "That provision requires a court to deny such a motion *only* if the evidence submitted is not adequate to overcome an opposing motion for a directed verdict—i.e., *only* if there is 'no evidence' from which the jury could find the facts necessary to establish an element of plaintiff's claim."

*Bolt*, 333 Or at 580 (emphasis added). That interpretation of *former* ORS 18.535 became part of the statute as if it were written into the statute at the time of its enactment. *Holcomb v. Sunderland*, 321 Or 99, 105, 894 P2d 457 (1995). As a result of the proceeding, a peremptory writ issued from the court requiring the trial court to reconsider the petitioners' motion to amend under the correct evidentiary standard.

When the *Bolt* court said that *former* ORS 18.535 required a court to deny a motion to add a claim for punitive damages "only" if the evidence submitted is not adequate, it was in the context of the evidentiary standard imposed by the legislature. It necessarily follows that this case presents a different issue than the issue in *Bolt*. Because of the difference in issues between this case and *Bolt*, the above language in *Bolt*, although part of the statute, is inapposite to our analysis.

██ In light of the above circumstances, we turn to the question of whether, because of a lack of a record about what occurred at the hearings on plaintiff's motions, we are able to review plaintiff's claim of error. A trial court exceeds its discretion if its ruling falls outside the range of two or more legally correct or permissible results. *State v. Rogers*, 330 Or 282, 310-12, 4 P3d 1261 (2000). Here, ORCP 23 A granted the trial court discretion to grant or deny the motion to amend the pleading when "justice so requires." The trial court's order ruling on the motion expressly stated that it had considered the parties' oral arguments. Without a transcript of the hearings, we have no inkling of why the trial court exercised its discretion as it did. Indeed, plaintiff's materials submitted in support of his motion appear to create issues of fact for the jury to decide whether an award of punitive damages was warranted. If the trial court ruled on the basis of the sufficiency of the evidence, it erred. However, if the trial court ruled based on some other permissible ground, such as untimeliness of the motion or because discovery had been completed prior to plaintiff bringing the motion, it may not have exceeded its discretion by denying the motion. The end result is that we cannot discern if the trial court exceeded its discretion and, because it was within the ability of plaintiff, the appellant, to make an adequate record for review by requesting that the initial hearing be reported or recorded, or to submit a narrative statement regarding the second hearing, ORAP 3.05(2), plaintiff cannot prevail on appeal. *Glover v. Bank of New York*, 208 Or App 545, 561, 147 P3d 336 (2006).

Affirmed.